UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**MALIBU MEDIA, LLC,**

    Plaintiff,

vs.

                                    Case No. **3:12-cv-1100-J-25TEM**

**JOHN DOES 1-27,**

    Defendants.
_____/

## ORDER

This case is before the Court on the Plaintiff's response to the Court's Order to Show Cause (Dkt. 13).

As previously noted, the Plaintiff in the instant case, as well as several other cases filed in this district, allege that the Doe Defendants have infringed on Plaintiff's copyrights to pornographic motion pictures through the use of a peer-to-peer file sharing protocol, BitTorrent.

For the reasons discussed in this Order, the Court finds that the Defendants are due to be severed in the above captioned case.

**Standard**

A plaintiff may join two or more defendants in a single action under Federal Rule of Civil Procedure 20 if two requirements are satisfied: (1) the

claims against the defendants must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." Fed.R.Civ.P. 20(a)(2).

Although joinder is "strongly encouraged" and the rules are construed generously towards "entertaining the broadest possible scope of action consistent with fairness to the parties," *United Mine Workers v. Gibbs*, 383 U.S. 715, 724(1966), district courts have broad discretion to join parties or not. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) ("The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.")

Even if the requirements of Rule 20(a) are satisfied, a court can sever claims under Rule 21. *In re Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1367 (11th Cir. 2010) (affirming district court's decision to sever based on case management concerns).

**Analysis**

District courts have disagreed on the issue of whether the so-called BitTorrent defendants engaged in acts that arise out of the same transaction, occurrence or series of occurrences. As noted by the

Honorable Roy B. Dalton, Jr.:

Courts finding joinder proper reason that each claim of copyright infringement rests on a common core of operative facts. See, e.g., *Malibu Media, LLC v. John Does 1–28*, No. 8:12-cv-1667-T-27MAP, Dkt. 22, pp. 7–8. Under this reasoning, joinder is appropriate because by using the BitTorrent protocol software, the various fictitious Case defendants affirmatively choose to download a single, "seeded" movie file and share that file with others.

Other courts conclude that such claims cannot be joined because: (1) the BitTorrent protocol software operates invisibly to the user (that is, the user plays no active role in any interactions with other users); (2) the dates of the alleged infringing acts are often weeks or months apart; (3) individualized questions of fact far outweigh the common questions of fact; (4) allowing plaintiffs to pursue mass actions permits them to avoid filing fees; and (5) the "swarm theory" of joinder does not necessarily support a finding that all of the defendants interacted with one another. See, e.g., Patrick

Collins, Inc. v. Doe 1, No. 12-cv-1154, 2012 WL 5879120, at *7–8 (E.D.N.Y. Nov. 20, 2012).

This Court agrees with the Courts that have found that the Defendants' acts are not logically related and therefore severance is appropriate. In addition, the Court agrees with the judges that have found severance appropriate under Rule 21 due to the individualized defenses and discovery disputes as well as case management concerns. Accordingly, it is **ORDERED**:

> The stay in this case is **lifted**. Only the first-named Defendant in this case shall remain a party to this action. John Does 2-27 are **severed** and **dismissed without prejudice**.
>
> **DONE AND ORDERED** this 5th day of June 2013.
>
> HENRY LEE ADAMS, JR.
> United States District Judge

Copies:

Counsel of Record
*Pro se* parties

4